UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        - v -                          :            **MEMORANDUM DECISION**

RICARDO MORALES,                    :            06 Civ. 10217 (DC)
              Defendant.          96 Cr. 317 (DC)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPEARANCES:**        DAMIAN WILLIAMS, ESQ.
                        United States Attorney for the
                        Southern District of New York
                                By:   Alexandra Rothman, Esq.
                                      Andrew Thomas, Esq.
                                      Assistant United States Attorneys
                        One Saint Andrew's Plaza
                        New York, NY 10007

                        KEN WOMBLE, ESQ.
                        Attorney for Ricardo Morales
                        20 Vesey Street, Room 400
                        New York, NY 10007


**CHIN, Circuit Judge**

        On May 1, 1997, defendant Ricardo Morales was convicted by a jury of

multiple counts of, *inter alia*, conspiracy, robbery, and firearms offenses, in violation of

18 U.S.C. §§ 2, 1951, 922(g), and 924(c).  On August 15, 1997, I sentenced Morales to a

term of life plus 105 years of imprisonment.  On March 22, 2001, after remand from

the Second Circuit on racketeering charges unrelated to the present motion, I

resentenced Morales to 110 years of imprisonment.  Before the Court is Morales's

motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the

basis that his 18 U.S.C §§ 924(c) and  922(g) convictions must be vacated in light of

*Rehaif v. United States*, 139 S. Ct. 2191 (2019), *United States v. Davis*, 139 S. Ct. 2319

(2019), *Johnson v. United States*, 576 U.S. 591 (2015), and *Moncrieffe v. Holder*, 569 U.S.

184 (2013).  *See* Dkt. No. 183-1, at 2-4; Dkt. No. 204, at 1-3.  For the reasons set out

below, the motion is **DENIED**.

## BACKGROUND

### A.    The Facts

The facts are set forth in prior decisions of this Court and the Second

Circuit, *see, e.g.*, *Morales v. United States*, 185 F.3d 74, 79 (2d Cir. 1999); *see also United*

*States v. Diaz*, 25 F. App'x 27 (2d Cir. 2001), *cert denied*, 529 U.S. 1010 (2002), and may be

summarized as follows:

Morales was part of a group named the "Park Avenue Boys" (also known

as the "Webster Avenue Posse").  From 1987 to 1988, the Park Avenue Boys committed a

series of armed robberies of grocery stores in the Bronx.  During one of the robberies,

the leader of the group, Jose Aponte, fatally shot a store owner, and Morales shot and

wounded a store employee.  On September 27, 1988, Aponte committed suicide during

a subsequent police pursuit.  Morales was arrested, convicted, and sentenced to prison

shortly thereafter.

2

Morales and other Park Avenue Boys members Jesus Mendez and Angel Diaz were released from prison between May and October 1995.  In December 1995, the three men committed the first of another series of armed robberies in the same neighborhood that the Park Avenue Boys used to target in the 1980s.  Like the Park Avenue Boys robberies, these robberies took place in or close to grocery stores.  Two final robberies took place on March 14, 1996.  Morales, Mendez, and Diaz -- all equipped with firearms -- stole jewelry and a BMW car from men in the Bronx.  When New York City police officers, including Kevin Gillespie, intercepted the BMW, Morales, Mendez, and Diaz simultaneously exited the car.  Diaz fired two shots at Officer Gillespie, killing him.  The night ended with the attempted murders of other officers.  Officers arrested Mendez and Diaz that day and apprehended Morales the following day.  Morales, Mendez, and Diaz were carrying the robbery victims' belongings at the time of their arrests.

B.   **Prior Proceedings**

1.    **Indictment, Trial, and Sentencing**

On December 3, 1996, the government filed a superseding indictment (the "Indictment") which, in relevant part, charged Morales with six counts relating to two gunpoint robberies.  *See* Dkt. No. 52.  The first robbery was at a grocery store at 1721 East 174th Street:  Count Five charged Morales with conspiracy to commit robbery at gunpoint in violation of 18 U.S.C. § 1951; Count Six charged robbery at

gunpoint in violation of 18 U.S.C. §§ 2 and 1951; Court Thirteen charged using and

carrying a firearm during and in relation to the conspiracy to rob and robbery as

charged in Counts Five and Six in violation of 18 U.S.C. § 924(c).  The second robbery

was of an individual in the vicinity of 34½ West 183rd Street:  Count Seven charged

conspiracy to commit robbery at gunpoint in violation of 18 U.S.C. § 1951; Count

Eight charged robbery at gunpoint in violation of 18 U.S.C. §§ 2 and 1951; Count

Fourteen charged using and carrying a firearm during and in relation to conspiracy to

rob and robbery as charged in Counts Seven and Eight in violation of 18 U.S.C. §

924(c).  The Indictment also charged Morales with one count (Count Twenty) of

possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g).  *See id.*

Morales pleaded not guilty, and his jury trial began on April 7, 1997.  On

May 1, 1997, the jury returned a guilty verdict on all counts.  *See* Dkt. No. 199-1.  As

noted above, I sentenced Morales to a term of life plus 105 years.  *See* Dkt. No. 134

("Judgment").  Morales appealed.  *See* Dkt. No. 96.  On July 26, 1999, the Second

Circuit reversed Morales's racketeering and racketeering related convictions, affirmed

Morales's convictions on all other counts (including the counts relevant to the instant

motion: robbery, conspiracy to rob, and unlawful firearms possession), and remanded

the case to this Court for further proceedings.  *Morales*, 185 F.3d at 77.  On remand, I

resentenced Morales to 110 years of imprisonment.  *See* Dkt. No. 130.  On November

23, 2001, following Morales's subsequent appeal, the Second Circuit affirmed the sentence. *Diaz*, 25 F. App'x at 31.

### 2. <u>Post-Appeal Motions</u>

On April 7, 2003, Morales moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On July 1, 2003, I denied Morales's motion for failure to demonstrate a basis for relief and declined to issue a certificate of appealability. *See* Dkt. No. 138.

On May 3, 2016, Morales moved *pro se* in the Second Circuit for leave to file a second or successive petition, pursuant to 28 U.S.C. § 2255, to challenge his conviction under 18 U.S.C. § 924(c). *Morales v. United States*, 16-1450, 2d Cir. Dkt. No. 4. On July 18, 2016, the Second Circuit stayed the motion pending decision in *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018), and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). *Morales*, 16-1450, 2d Cir. Dkt. No. 24. On August 19, 2019, Morales moved to supplement his petition to challenge his conviction under 18 U.S.C. § 922(g) based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Morales*, 16-1450, 2d Cir. Dkt. No. 33. On May 12, 2020, the Second Circuit granted Morales leave to file a successive § 2255 motion, and I later granted Morales's request to be appointed counsel. Dkt. No. 183; Dkt. No. 190.

3.        **The Instant Motion**

In Morales's instant 28 U.S.C. § 2255 motion, construed liberally, he contends that (1) his 18 U.S.C. § 922(g) convictions must be vacated based on *Rehaif*, 139 S. Ct. 2191, (2) his Counts Thirteen and Fourteen convictions must be vacated based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and (3) his § 924 convictions are unconstitutional following *Johnson v. United States*, 576 U.S. 591 (2015), and *Moncrieffe v. Holder*, 569 U.S. 184 (2013).  The government filed its opposition to Morales's § 2255 motion on August 3, 2020.  Dkt. No. 199**.**  Morales filed a reply to the government's opposition on September 29, 2020.  Dkt. No. 204.

## DISCUSSION

A.        **Relief under *Rehaif v. United States*: Count Twenty**

Section 922(g) provides that several classes of individuals are prohibited from possessing a firearm.  Included are individuals convicted of crimes with prison terms that exceed a year.  To be subject to penalty, a defendant must "knowingly" violate § 922(g).  18 U.S.C. § 924(a)(2).  In *Rehaif,* the Supreme Court held that the "knowingly" standard required the government to prove both that a defendant "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  139 S. Ct. at 2194.  There was a *Rehaif* error here as I did not instruct the jury at trial (in 1997) that the government had to prove that Morales knew his status as a felon when he possessed the gun.

Morales argues that his 18 U.S.C. § 922(g) conviction must be vacated under *Rehaif v. United States* because the Court's error (1) resulted in a defective indictment that deprived this Court of subject matter jurisdiction and (2) violated his substantial rights.  I am not convinced.

First, Morales's *Rehaif* claim is procedurally barred.  Second, Morales's *Rehaif* claims fail on the merits:  (1) the Court did not lack subject matter jurisdiction over the case even if the indictment had been defective, and (2) the *Rehaif* error did not affect Morales's substantial rights, as a jury would not have returned a different verdict had this Court informed the jury of the knowledge element in § 922(g).

### 1.    Procedural Bar

If a defendant "fails to assert a claim on direct review, he is barred from raising the claim in a subsequent [28 U.S.C.] § 2255 proceeding" unless he can establish (1) both "cause for the procedural default and actual prejudice" or (2) that he is "actually innocent" of the crime for which he was convicted."  *De Jesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998).  Morales neither makes the argument nor presents evidence that he was "actually innocent" of the crime for which he was convicted.  Thus, I consider whether Morales established "cause" and "actual prejudice."

It is unclear whether a defendant whose conviction became final before the Supreme Court decided *Rehaif* can establish cause excusing his failure to raise on direct appeal the argument that he lacked knowledge as to his status as a felon.

*Compare United States v. Jones*, 19-CV-9376, 2020 WL 4887025, *2 (S.D.N.Y. Aug. 19, 2020) (finding a showing of cause because *Rehaif* was decided after defendant was convicted), *with United States v. Bryant*, 16-CV-3423, 2020 WL 353424, *3 (E.D.N.Y. Jan. 21, 2020) (suggesting there was no cause because the claim was "reasonably available"). Even assuming cause for the procedural default, however, Morales fails to show actual prejudice. Morales has the burden of showing "not merely that the [error] at his trial created a *possibility* of prejudice, but that [it] worked to his *actual* and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). There is no question that Morales was, at the time of the offense, a convicted felon. At the time of unlawful possession, Morales had been out of prison less than a year after a prison term of approximately six and a half years. These facts are fatal to any suggestion that Morales was unaware of his restricted status and that therefore he was prejudiced by the Court not giving an instruction as to his knowledge of his status as a felon.

       2.    **The Merits**

       Turning to the merits, Morales argues that this error deprived the Court of subject matter jurisdiction and violated his substantial rights. Both arguments fail.

       a.    **Jurisdiction**

       Post-*Rehaif* cases raised the question of whether defective § 922(g) indictments fail to state a federal crime and require dismissal due to a lack of federal

subject matter jurisdiction. *See, e.g.*, *United States v. Balde*, 943 F.3d 73, 88-93 (2d Cir. 2019). The Second Circuit concluded that § 922(g) indictments without the knowledge requirement are not jurisdictionally defective. *Id.* (holding that a § 922(g) indictment without clear mention of the knowledge requirement "may be deficient in some way," but that this deficiency does not speak to the district court's power to hear the case). Federal courts have subject matter jurisdiction when indictments allege offenses under U.S. criminal statutes. *United States v. Prado*, 933 F.3d 121, 134 (2d Cir. 2019). Sufficient indictments must "do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Balde*, 943 F.3d at 89 (quoting *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013)).

Here, the indictment alleged the violation of § 922(g), a federal statute. *See Balde*, 943 F.3d at 89; *see also Prado*, 933 F.3d at 134. The indictment tracked the language of the statute, while providing specific details about the date, time, and nature of Morales's conduct pertaining to his violations of § 922(g). *See* Dkt. No. 50; *Balde*, 943 F.3d at 89. Hence, the *Rehaif* error did not deprive the Court of jurisdiction.

### b.    Morales's Substantial Rights

The Supreme Court recently applied a plain-error standard of review to address unpreserved *Rehaif* claims in a felon-in-possession appeal. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). In *Greer*, the Supreme Court explained that if a

defendant raises an unpreserved *Rehaif* claim on appeal, Rule 52(b)'s plain-error

standard applies.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Greer*, 141 S. Ct.

at 2096.  To warrant plain-error relief under Rule 52(b), a defendant must satisfy three

threshold requirements: (1) there was an error, (2) the error was plain or "obvious,"

and (3) the error affected substantial rights.  *Rosales-Mireles v. United States*, 138 S. Ct.

1897, 1904-05 (2018).  To show that the error affected substantial rights, the defendant

typically must "'show a reasonable probability that, but for the error,' the outcome of

the proceeding would have been different."  *Id.* (quoting *United States v. Dominguez*

*Benitez*, 542 U.S. 74, 76 (2004)).  If the defendant meets those three requirements, the

reviewing court can grant relief if it concludes additionally that the error "seriously

affects the fairness, integrity or public reputation of judicial proceedings."  *Id.*

      *Greer* made clear that "in a felon-in-possession case where the defendant

was in fact a felon when he possessed firearms, the defendant faces an uphill climb in

trying to satisfy the substantial-rights prong of the plain-error test based on the

argument that he did not know he was a felon."  *See Greer*, 141 S. Ct. at 2097.  Juries

will likely find that defendants with status as a felon knew they were felons, as

felony status is "not the kind of thing one forgets."  *Id.*  Therefore, a defendant with

felony status usually cannot show a "reasonable probability" that but for the *Rehaif*

error, the jury verdict would have come out differently.  *Id.*

Morales is not eligible for relief based on *Rehaif*.  Morales's *Rehaif* claim was not preserved and thus is subject to plain-error review.  Morales indisputably satisfies the first two prongs of the plain-error test.  Morales's indictment was defective because it did not include the scienter requirement, and this error is plain. Morales, however, does not meet the third prong.  He cannot carry his burden of showing that there was a "reasonable probability" that the jury would have returned a different verdict without the error.  *See Greer*, 141 S. Ct. at 2097.  There is sufficient evidence in the record to establish that Morales knew his felon status.  He previously pled guilty to a robbery in the first degree in connection with the 1988 robbery and was sentenced to 46 months to 10 years of prison.  Tr. 56-58.  Accordingly, Morales does not satisfy the plain-error test and is not entitled to *Rehaif* relief.

**B.**    **Relief under *United States v. Davis*: Counts Thirteen and Fourteen**

Morales argues that his 18 U.S.C. § 924(c) convictions in Counts Thirteen and Fourteen cannot stand in light of the Supreme Court's decision in *United States v. Davis* because Counts Five and Seven only qualified as predicate offenses to a § 924(c) conviction under the now unconstitutional "residual" clause of § 924(c)(3)(B).  The Second Circuit, however, has established that Hobbs Act robbery, charged in this case in Counts Six and Eight, still constitutes a predicate crime of violence offense under the force clause of § 924(c)(3)(A).  *See Hill*, 890 F.3d at 54.  Therefore, the Hobbs Act

robbery predicates for Counts Thirteen and Fourteen remain, and Morales's argument

that his § 924(c) convictions must be vacated is rejected.

### 1. **Applicable Law**

Section 924(c) imposes penalties for possessing, using, or carrying a

firearm in furtherance of a "crime of violence" or a "drug trafficking crime."  18 U.S.C. §

924(c)(1)(A).  A "crime of violence" is defined as a federal felony offense that either

> (A) has as an element the use, attempted use, or threatened use of
> physical force against the person or property of another, or (B) that
> by its nature, involves a substantial risk that physical force against the
> person or property of another may be used in the course of
> committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (A) focuses on the elements of a crime -- often referred

to as the elements clause -- while subsection (B) refers to the risk of force entailed by an

offense --  or the residual clause.  *See Davis*, 139 S. Ct. at 2324.

 In *Davis*, the Supreme Court held that § 924(c)(3)(B) (the residual clause)

was unconstitutionally vague.  *Id*. at 2336.  Shortly after, the Second Circuit held in

*United States v. Barrett* that conspiracy to commit Hobbs Act robbery cannot serve as a

predicate to a § 924(c) conviction because it does not categorically qualify as a crime of

violence without the now-invalid residual clause.  937 F.3d 126, 127 (2d Cir. 2019).

### 2. **Application**

Morales argues that his § 924(c) convictions should be vacated because

conspiracy to commit Hobbs Act robbery no longer qualifies as a predicate crime of

violence.  Counts Thirteen and Fourteen of the Indictment, however, each alleged two predicate "crimes of violence": Hobbs Act robbery conspiracy and Hobbs Act robbery. *See* Dkt. No. 52.  While Morales is correct that *Davis* invalidated the Hobbs Act conspiracy predicate, the remaining predicate (substantive Hobbs Act robbery) remains a "crime of violence" under the elements clause of § 924(c)(3)(A).  *See Barrett*, 937 F.3d at 128; *Hill*, 890 F.3d at 54.

On its jury verdict form, the jury indicated Morales was guilty of "using and carrying [a] firearm in relation to conspiracy to rob <u>and</u> robbery of a grocery store" on Count Thirteen and "using and carrying [a] firearm in relation to conspiracy to rob <u>and</u> robbery of an individual" on Count Fourteen.  Dkt. No. 199-1 (emphasis added). The verdict form precludes the possibility that the jury exclusively relied on the Hobbs Act conspiracy predicate in returning its verdict as to the § 924(c) counts.

Furthermore, if a § 924(c) conviction is based on the use of a gun in connection with multiple predicates and one of the predicates is later found to be invalid, the conviction may remain if the charge is "clearly supported by a predicate presenting no legal concern."  *Rosario Figueroa v. United States,* No. 16-CV-4469 (VEC), 2020 WL 2192536, at *4 (S.D.N.Y. May 6, 2020) (quoting *United States v. Vasquez,* 672 F. App'x 56, 61 (2d Cir. 2016)) (cleaned up).  Morales's § 924(c) convictions remain supported by valid predicates presenting no legal concern: his convictions on Counts

Six and Eight for substantive Hobbs Act robbery.  Consequently, the motion is denied in this respect.

**C.**   **Relief under *Johnson v. United States* and *Moncrieffe v. Holder***

Additionally, Morales argues that his 18 U.S.C. § 924 conviction is invalid under *Johnson v. United States* and *Moncrieffe v. Holder*, but neither case is applicable to his conviction.

**1.**   **Relief under *Johnson v. United States***

The Supreme Court held in *Johnson* that the residual clause of 18 U.S.C. § 924(e) -- subsection (2)(B)(ii) -- is unconstitutional because the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" defines "violent felony" too vaguely.  576 U.S. at 597; 18 U.S.C. § 924(e)(2)(B)(ii).  This ambiguity denies fair notice to defendants and allows for arbitrary judicial enforcement.  *Johnson*, 576 U.S. at 597.  All other parts of the statute, however, remain undisturbed by *Johnson*.

*Johnson* does not apply here because Morales contests the wrong provision -- he was charged under § 924(c), not *Johnson*'s § 924(e).  Thus, Morales does not state a *Johnson* claim.

**2.**   **Relief under *Moncrieffe v. Holder***

In *Moncrieffe*, the Supreme Court employed the categorical approach to determine that a certain low-level state drug offense was not an aggravated felony

under the Immigration and Nationality Act.  569 U.S. at 206.  Courts typically use the

categorical approach to determine whether a state offense can fit within a specific

definition of a federal statute.  *See id.* at 190.

None of Morales's offenses are state offenses.  Nor am I determining

whether any of Morales's offenses fit within a specific definition of a federal statute.

Thus, Morales has no actionable *Moncrieffe* claim.

## CONCLUSION

For the reasons set forth above, Morales has failed to show a basis for

relief under 28 U.S.C. § 2255.  Accordingly, his petition for relief is denied.  Because

he has not made a substantial showing of the denial of a constitutional right, I

decline to issue a certificate of appealability.  *See* 28 U.S.C. § 2253 (1996) (as

amended by the Antiterrorism and Effective Death Penalty Act).  I certify pursuant

to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in

good faith.  The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

Dated:      New York, New York
            October 18, 2021


                                        __s/DC_____
                                        DENNY CHIN
                                        United States Circuit Judge
                                        Sitting by Designation

15