UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- against - :

RICARDO MORALES, :

Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION**

96 Cr. 317 (DC)

**APPEARANCES:**

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
By: Alexandra Rothman
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007

JAMES M. BRANDEN
Attorney for Defendant
80 Bay Street Landing, Suite 7J
Staten Island, New York 10301

**CHIN, Circuit Judge:**

On May 1, 1997, defendant Ricardo Morales was convicted, following a jury trial, of fifteen counts of racketeering, armed robbery, assault, felony murder, weapons violations, and conspiracy. *See United States v. Morales*, 185 F.3d 74, 78-79 (2d Cir. 1999). The Second Circuit reversed and vacated the racketeering and racketeering-related convictions and affirmed the remaining convictions. *See id.* at 77. On remand, I resentenced Morales to 110 years of imprisonment, and the Second Circuit

affirmed. *See United States v. Diaz,* 25 F. App'x 27, 30-31 (2d Cir. 2001) (summary order). In July 2021, I denied Morales's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). *See* Dkt. 221. Morales now brings a renewed motion for compassionate release, arguing principally that his sentence would have been shorter were he sentenced today and that his chronic health conditions and rehabilitation after three decades of imprisonment constitute "extraordinary and compelling reasons" justifying release. *See* Dkt. 233 ("Def's Mot.") at 6-8.

For the reasons below, Morales's motion is DENIED.

## BACKGROUND

### A. Morales's Crimes, Conviction, and Sentencing

Morales and his co-defendants were members of a group called the "Park Avenue Boys" that committed a series of violent robberies in the Bronx. Presentence Investigation Report ("PSR") ¶ 35. The sentence Morales is currently serving arises from his involvement in a string of armed robberies in early 1996. *Id.* ¶¶ 38-43.[1] This culminated in an incident on March 14, 1996 when Morales and two others were driving away in a stolen BMW after a robbery. *Id.* ¶ 42. During their flight, Morales's co-defendant Angel Diaz shot and killed police officer Kevin Gillespie. *Id.* Morales,

[1] The Park Avenue Boys also committed at least 3 armed robberies in the Bronx between 1987 and 1988, after which Morales and other members went to prison and were released in 1995. *See Morales,* 185 F.3d at 79.

who had a gun in his hand, fled the scene after discovering his gun was jammed and was apprehended the next day. *Id.* ¶¶ 42, n.13.

On May 1, 1997, a jury convicted Morales of fifteen counts of racketeering, armed robbery, assault, weapons violations, and conspiracy, as well as felony murder for the killing of Officer Gillespie. Dkt. 101 ("Sent'g Tr.") at 2. In 1999, the Second Circuit reversed the racketeering and racketeering-dependent convictions, affirmed the remaining robbery and weapons-related convictions, and remanded for resentencing. *See Morales*, 185 F.3d at 85. I thereafter sentenced Morales to 1,320 months or 110 years of imprisonment, followed by three years of supervised release. Dkt. 130.

**B. <u>Morales's Motions for Compassionate Release</u>**

Morales filed his first motion for compassionate release in October 2020. *See* Dkts. 205, 210. At that time, Morales was 47 years old and had been incarcerated for around 25 years. *See* Dkt. 205 at 2. I denied the motion on July 20, 2021, concluding that although Morales's health conditions -- namely, hypertension and obesity -- constituted extraordinary and compelling reasons justifying release during the COVID-19 pandemic, the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction given the seriousness of his offenses and prior patterns of violent behavior. *See* Dkt. 221 at 7-11.

Morales filed the instant motion for compassionate release on July 9, 2026. *See* Def's Mot.. He argues that a sentence reduction is warranted based on the harsh

conditions of his imprisonment, his persistent physical and mental health conditions (namely, hypertension, low white blood cell count, anxiety, and depression), his demonstrated rehabilitation (including involvement in educational programs, in-prison employment, and mentorship of other inmates), his post-release employment, and his plans to reunite with his fiancée, daughter, and grandchildren. *See id.* at 6-8. Morales also contends that he would be unlikely to receive the same sentence today in light of subsequent changes in the law, including *United States v. Booker*, 543 U.S. 220 (2005), and the elimination of stacking under 18 U.S.C. § 924(c) in the First Step Act. *See id.* at 7. Finally, he argues that the § 3553(a) factors weigh in favor of release. *Id.* at 10-11. The government filed its opposition on August 3, 2026, *see* Dkt. 235 ("Gov't Opp."), and Morales filed his reply on August 21, 2026, *see* Dkt. 238 ("Def's Reply").

Morales is now 53 years old and has been incarcerated for about 30 years. *See* Def's Mot. at 3. His expected release date is calculated to be in 2090, *see* Gov't Opp. at 3, but in light of his age, he is serving an effective life sentence.

## DISCUSSION

### A. Applicable Law

Section 3582(c)(1)(A) provides that a court may reduce a defendant's sentence if, after the defendant has fully exhausted his administrative remedies, the court finds that "extraordinary and compelling reasons warrant such a reduction" after considering the factors laid out in § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The defendant

bears the burden of showing that a reduction is warranted. *See United States v. Clark,* No. 97 CR. 817 (DC), 2021 WL 1066628 at *3 (S.D.N.Y. Mar. 18, 2021).

The U.S. Sentencing Guidelines Manual § 1B1.13 enumerates specific reasons that qualify as extraordinary and compelling. These include, as relevant here, "serious physical or medical condition[s]" that are terminal or substantially limit self-care in prison, or a subsequent change in the law that "would produce a gross [sentence] disparity," provided the defendant received an "unusually long sentence" and has served at least 10 years of that imprisonment term. *See id.* § 1B1.13(b)(1)(B), (b)(6). Courts, however, are not constrained by the reasons articulated in § 1B1.13, and may "consider the full slate of [such] reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

If a defendant has met his burden of proving extraordinary and compelling circumstances, the court must then weigh the § 3553(a) factors -- namely, the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to provide the defendant with needed medical care; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a), *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam).

**B. Application**

The parties agree that Morales has exhausted his administrative remedies.[2] For the reasons set forth below, the motion for a sentence reduction is denied.

**1. Extraordinary and Compelling Reasons**

Morales contends that release is warranted because (1) his term of imprisonment would be unlikely today given changes in sentencing law, (2) his physical and mental health conditions place him at outsized risk of contracting COVID-19, and (3) he has demonstrated significant rehabilitation in prison. *See* Def's Mot. at 6-9. I address each in turn.

First, Morales has not shown that changes in sentencing law have created a "gross disparity" between his sentence and what would be imposed today. *See* U.S.S.G. § 1B1.13(b)(6). For one, Morales's argument that he would not be sentenced to a mandatory life term based on his felon-in-possession count today is irrelevant given that I imposed a consecutive sentence of 60 months' imprisonment on that charge. *See*

---

[2] In his motion, Morales represents that more than 30 days have elapsed since he filed applications for sentence reductions with the Warden of FCI Lebanon and the Warden of FCI Berlin. *See* Def's Mot. at 4, 6; 18 U.S.C. § 3582(c)(1)(A). The Government notes that there is no FCI Lebanon in the Bureau of Prisons ("BOP"), and that the only BOP records are of Morales's petition to the Warden of FCI Otisville in April 2025. *See* Gov't Opp. at 3 & n.1. Morales acknowledged that he is housed at FCI Berlin in his reply. *See* Def's Reply at 1. In any event, this motion is properly before the court because the Warden at FCI Otisville denied Morales's April 2025 petition on May 6, 2025. *See id.* Ex. B; *United States v. Newkirk*, 18 Cr. 699 (CM), 2020 WL 7260739, at *2 (S.D.N.Y. Dec. 10, 2020) (submitting request for release from the Warden and receiving a denial was sufficient exhaustion of administrative remedies).

Def's Mot. at 6; Dkt. 176 at 1-2; *see also Diaz,* 25 F. App'x at 30 (detailing the rationale behind sentencing). Nor did I "stack[]" a mandatory 25-year sentence for Morales's second § 924(c) conviction, a requirement eliminated by the First Step Act, as I only imposed a sentence of 240 months' imprisonment (or 20 years) for the second conviction. *See* Def's Mot. at 7, Dkt. 176 at 1-2; *see also Rutherford v. United States,* 146 S. Ct. 1320, 1326 (2026) (holding that sentencing disparities created by nonretroactive changes such as § 924(c)'s mandatory penalty cannot serve as an extraordinary and compelling reason justifying compassionate release). But more importantly, I do not agree, "after a full consideration of [Morales's] individualized circumstances," that I would impose a lower sentence for his offenses today. U.S.S.G. § 1B1.13(b)(6). As discussed further below, the offenses for which Morales was convicted and sentenced were brazen and violent. Accordingly, even discounting the sentence imposed for the second § 924(c) charge, Morales's sentence is not "gross[ly]" disparate with what would be imposed today for comparable conduct. *Id.*

Next, Morales argues for release based on his health conditions -- namely, hypertension, low white blood cell count, anxiety, and depression. *Id.* at 7. As I noted in deciding Morales's prior motion for compassionate release and as he reiterates now, hypertension is a noted co-morbidity to COVID-19, and other district courts found during the pandemic that comparable health conditions constituted extraordinary and compelling reasons justifying release. *See* Dkt. 221 at 7-8. But "[s]ince the decline of

COVID-19 cases and the proliferation of vaccines," district courts have "generally rejected compassionate release motions based on the threat of [COVID-19]" absent additional factors. *United States v. Johnson*, 671 F. Supp. 3d 265, 280 (E.D.N.Y. 2023) (collecting cases). Moreover, Morales appears to be vaccinated and has been "prescribed various medications" to manage his conditions. *See* Def's Mot. at 7-8; Gov't Resp. at 7. Where a defendant appears to have "worked successfully with BOP medical professionals to address" his health issues, his current risk of contracting COVID-19 does not, alone, provide an extraordinary and compelling reason to grant compassionate release. *United States v. Oquendo*, No. 13 CR. 357-1 (KPF), 2023 WL 199609, at *4 (S.D.N.Y. Jan. 17, 2023); *see also United States v. Yong*, No. 95 CR 0825 (JS), 2024 WL 3648259, at *6 (E.D.N.Y. Aug. 5, 2024) ("[I]n the absence of records demonstrating his suffering from hypertension to such a degree that he is unable to self-care, Defendant cannot sustain his burden warranting compassionate release.").

Finally, as to rehabilitation, Morales's efforts in prison -- as discussed further below -- are commendable. It is well-settled, however, that rehabilitation alone "shall not be considered an extraordinary and compelling reason" warranting release. *See Brooker,* 976 F.3d at 237-38 (quoting and citing 28 U.S.C. § 994(t)).

Taking these factors together, it is a close call whether Morales has shown extraordinary and compelling circumstances. Although I held that he had made this showing on his first motion for compassionate release, that was during the COVID-19

pandemic, when health conditions weighed differently. Even assuming, however, that Morales has shown extraordinary and compelling circumstances in his instant motion, a sentence reduction is not warranted.

**2. Section 3553(a) Factors**

I conclude that the § 3553(a) factors weigh against granting compassionate release.

First, I recognize that Morales has shown significant signs of rehabilitation during his incarceration. As part of his motion, Morales submits dozens of letters from friends and family and from current and former inmates who describe him as a role model, mentor, and inspiration for reform. *See* Def's Mot. Ex. H. He has completed many educational and vocational training programs, *see id.* Ex. B, and also has letters from three employers who are willing to hire him if he is released, *see id.* Ex. C. For these efforts and the many others detailed in his submissions, Morales is to be commended.

Ultimately, however, I conclude that the nature and seriousness of Morales's offenses weigh against compassionate release. Morales was involved in a series of "incredibly brutal" armed robberies that, as I noted at his first sentencing, "preyed on members of [his] own community," including "owners of bodegas and small businesses," and resulted in serious psychological and physical impact on the victims and their families. Sent'g Tr. at 32-33; *see also* PSR ¶¶ 38-43, 47-53. There were at least

ten of such robberies, and the last one culminated in the death of Officer Gillespie. *See Morales*, 185 F.3d at 78. Although Morales did not shoot and kill Officer Gillespie, he wielded a gun during the robbery and carjacking, tried to shoot it, and likely would have had his gun not jammed. *See* Sent'g Tr. at 32-33. This conduct had profound consequences -- Officer Gillespie's wife stated that their family was also "sentenced" on the day he was killed: she was to "grow old without [her] husband," and her sons were "to never get to know their dad." Sent'g Tr. at 27. Reducing Morales's sentence would not reflect the severity of these offenses or deliver just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Second, there are both mitigating and aggravating aspects of Morales's history and characteristics. 18 U.S.C. § 3553(a)(1). As I acknowledged at his first sentencing and as Morales explains in his present motion, he faced great difficulties in his upbringing -- he was raised in a single parent household, his mother suffered from substance addiction, and he was constructively evicted from his home at age 12. *See* Def's Mot. at 2; *see also* PSR ¶ 110. He earned his GED while spending "all of his remaining teenage and adult years imprisoned" until he was released at age 22. Def's Mot. at 2; *see also* PSR ¶¶ 98, 120. He now has a fiancée, daughter, and family members who have written emphatically in support of his release. *See* Def's Mot. Ex. H. But I weigh this against Morales's long history of criminal conduct that has jeopardized the safety of others. Morales was convicted as a juvenile offender of attempted murder for

shooting an employee of a store he was robbing. PSR ¶¶ 93-94; Def's Mot. at 2. He was arrested on the charges underlying the instant convictions less than one year after being released. *See* Dkt. 4. Moreover, although Morales's conduct has improved while in prison, he has still had 15 infractions as an inmate. *See* Gov't Opp. Ex. C. Together, this demonstrates a pattern of behavior reflecting Morales's disregard of the law.

Finally, granting Morales's motion now would result in a significant reduction to his sentence. Given the seriousness of his crimes and the extent to which they endangered others, such a reduction would undermine the need to provide just punishment and afford adequate deterrence.

**CONCLUSION**

For the reasons set forth above, Morales's motion for compassionate release is hereby DENIED.

SO ORDERED.

Dated: New York, New York
September 8, 2026

DENNY CHIN
United States Circuit Judge
Sitting by Designation